USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINGS PLAZA DENTAL, P.C., QUEENS DENTAL ASSOCIATES, P.C., ROOSEVELT FIELD MALL DENTAL PC, NEW HORIZON DENTAL PC, 42ND STREET DENTAL ASSOCIATES P.C., ATLANTIC TERMINAL DENTAL P.C., GALLERIA MALL DENTAL, PC, STATEN ISLAND MALL DENTAL P.C., WASHINGTON HEIGHTS DENTAL PRACTICE PC, PALISADES MALL DENTAL, LLP, and GALLERIA MALL DENTAL AT CRYSTAL RUN, PC, <br><br> Plaintiffs, <br><br> -against- <br><br> DENTAQUEST IPA OF NEW YORK, LLC, <br><br> Defendant. | 1:25-cv-02421 -MKV <br><br> **ORDER <br> DENYING TRO** |

MARY KAY VYSKOCIL, United States District Judge:

On March 24, 2025, Plaintiff commenced this action by filing a "Complaint And Application for Emergency Temporary Restraining Order and Preliminary Injunction." [ECF No. 1], ("Application"). On the same day, Plaintiff filed a Proposed Order to Show Cause, [ECF No. 5], and Memorandum of Law in support of its Application ("Pl. Mem."). [ECF No. 6]. To date, the Application has not been served on Defendant nor has Defendant appeared in this action.

The Federal Rules of Civil Procedure prohibit the filing of an *ex parte* motion for preliminary injunction except in the limited circumstances provided by Rule 65(b), which are not satisfied here. *See* Fed. R. Civ. P. 65(b). In furtherance of that rule, this Court's Individual Rules require that "[a] party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met," "so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief." *See* Individual Rule 6.B. A party seeking such relief is further required to "call

Chambers . . . and state clearly whether (i) he or she has notified the adversary, and whether the adversary consents to temporary injunctive relief; or (ii) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary." *Id.* Plaintiffs did not comply with this Court's Individual Rule. Nor do Plaintiffs meet the standard for granting an *ex parte* temporary restraining order (TRO).

This Court has held that an e*x parte* TRO is "appropriate only where 'irreparable injury will be caused absent prompt judicial intervention in circumstances where the adversary cannot be contacted, or where advance contact with the adversary would itself be likely to trigger irreparable injury." *Rodo Inc. v. Guimaraes*, No. 22-CV-9736, 2023 WL 2734464, at *1 (S.D.N.Y. Mar. 30, 2023) (quoting *Lim Tung v. Consol. Edison of New York*, No. 19-CV-5444, 2019 WL 4805080, at *3 (E.D.N.Y. Oct. 1, 2019)). Plaintiffs' Application and supporting materials fail to mention any attempts to contact Defendant, nor do they support a finding that doing so would likely trigger irreparable injury. The strict requirement to confer with an adversary exists in large part because an *ex parte* TRO runs counter to due process rights. *See Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 3–4 (2d Cir. 1979) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974)). ("[T]he stringent restrictions imposed . . . on the availability of Ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."). Plaintiffs' failure to adequately address this requirement counsels against granting their TRO.

"The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir. 2005). Accordingly, this Court finds denying the preliminary injunction is warranted given the Plaintiffs'

2

failure to abide by the Federal Rules of Civil Procedure and the Court's Individual Rules and their failure to meet the standard for an *ex parte* TRO.

Accordingly, IT IS HEREBY ORDERED that the Court DECLINES to enter an *ex parte* temporary restraining order and does not otherwise rule on Plaintiffs' Application at this time.

IT IS FURTHER ORDERED that the Court will set a briefing schedule on Plaintiffs' Application, to the extent it seeks a preliminary injunction, upon Plaintiffs' service of the Complaint and Application upon Defendant and Defendant's appearance in this action. After receiving and reviewing the parties' full briefing on the Application, the Court will determine whether a hearing is appropriate or necessary.

**Failure to comply with this Court's Orders and/or deadlines, Individual Rules of Practice, Local Rules for the SDNY, or the FRCP may result in sanctions, including monetary penalties, preclusion of information not provided, or preclusion and/or dismissal of claims or defenses.**

**SO ORDERED.**

**Date: March 25, 2025**
**New York, NY**

*[Signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**