USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINGS PLAZA DENTAL, P.C., QUEENS DENTAL ASSOCIATES, P.C., ROOSEVELT FIELD MALL DENTAL PC, NEW HORIZON DENTAL PC, 42ND STREET DENTAL ASSOCIATES P.C., ATLANTIC TERMINAL DENTAL P.C., GALLERIA MALL DENTAL, PC, STATEN ISLAND MALL DENTAL P.C., WASHINGTON HEIGHTS DENTAL PRACTICE PC, PALISADES MALL DENTAL, LLP, and GALLERIA MALL DENTAL AT CRYSTAL RUN, PC, <br><br> Plaintiffs, <br><br> -against- <br><br> DENTAQUEST IPA OF NEW YORK, LLC, <br><br> Defendant. | 1:25-cv-02421 -MKV <br><br> **ORDER GRANTING TEMPORARY RESTRAINING ORDER** |

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is a request by Plaintiffs Kings Plaza Dental, P.C., Queens Dental Associates, P.C., Roosevelt Field Mall Dental PC, New Horizon Dental PC, 42nd Street Dental Associates P.C., Atlantic Terminal Dental P.C., Galleria Mall Dental, PC, Staten Island Mall Dental P.C., Washington Heights Dental Practice PC, Palisades Mall Dental, LLP, and Galleria Mall Dental at Crystal Run, PC (collectively, "Plaintiffs") for emergency relief, including a temporary restraining order and an expedited briefing and hearing schedule for a preliminary injunction against Defendant DentaQuest IP of New York, LLC, ("DentaQuest" or "Defendant").

**BACKGROUND**

On March 24, 2025, Plaintiffs commenced this action by filing a "Complaint And Application for Emergency Temporary Restraining Order and Preliminary Injunction." [ECF No. 1], ("Application"). On the same day, Plaintiffs filed a Proposed Order to Show Cause, [ECF No. 5], and Memorandum of Law in support of their Application ("Pls. Mem."). [ECF No. 6]. The

Court subsequently issued an Order denying Plaintiffs' request for an emergency temporary restraining order because Plaintiffs filed it *ex parte* and failed to allege facts to support that such a motion was appropriate in adherence to the Federal Rules of Civil Procedure or the Court's Individual Rules of Practice.  [ECF No. 12].  In particular, the Court noted that Plaintiffs' materials "fail to mention any attempts to contact Defendant, nor do they support a finding that doing so would likely trigger irreparable injury." *Id.* at 2.

Thereafter, counsel for Plaintiffs filed a letter on the docket stating that before this action was filed, counsel for Plaintiffs did in fact send counsel for Defendant a courtesy copy of Plaintiffs' Complaint and Application for Emergency Temporary Restraining Order and Preliminary Injunction, Memorandum of Law in Support of Plaintiffs' Application for Emergency Temporary Restraining Order and Preliminary Injunction, and Order to Show Cause for Temporary Restraining Order and Preliminary Injunction.  [ECF No. 13].  However, Plaintiffs failed to demonstrate those facts in their Application to this Court.  In this same letter Plaintiffs also proposed that Defendant's file its response, the next day, on or before March 26, 2025, Plaintiffs' file its reply on or before March 27, 2025 and if needed, a hearing should be held on March 28, 2025.  [ECF No. 13].

Thereafter, counsel for Defendant, who has not yet made an appearance on the docket, filed a letter opposing Plaintiffs' expedited schedule.  [ECF No. 15].  Defendant proposed that Defendant file its response on or before April 8, 2025 and Plaintiffs reply on or before April 14.  [ECF No. 15].  Defendant also asserted that the "purported emergency circumstances are manufactured" because the discussions about the relevant contract changes have been going on since "(at least) July 2024." [ECF No. 15].  Counsel for Plaintiffs filed yet another letter, [ECF No. 16], reiterating their request for an emergency conference and arguing that the briefing

schedule proposed by Defendant "poses an immediate threat to these office [sic] that serve tens of thousands of mostly Medicaid patients" because the financial impact of the new terms will put four offices at immediate risk of closure. [ECF No. 16].

## DISCUSSION

Plaintiffs seek an order enjoining and staying "Defendant, and its officers, agents, servants, employees, attorneys, and all other representatives or persons acting on its behalf, in active concert or in participation with it, or subject to its control, from directly or indirectly" (1) "enforcing or relying upon any of the notices of non-renewal or termination, dated January 29, 2025 (the "Notices"), that Defendant issued to Plaintiffs, regarding the Dental Provider Service Agreements between the parties, which have been amended from time to time over the years (the "Agreements"), including through a series of 2022 amendments to the Agreements (the "2022 Amendments");" (2) "terminating or non-renewing the Agreements between Plaintiffs and Defendant, including, but not limited to, terminating or non-renewing the 2022 Amendments;" (3) "failing to pay Plaintiffs for any services under either the Agreements or 2022 Amendments, regardless of whether such payments are on a fee-for-services or capitated basis and, to the extent any capitated payments are paid on a monthly basis, failing to pay Plaintiffs a pro-rata amount for any partial month during which the preliminary injunction is in place, regardless of when during the month DentaQuest makes such payment under the Agreements or 2022 Amendments;" and (4) "deviating from past practices regarding assignment of members to the individual Practices so as to divest the Practices of any members or substantially reduce the number of members assigned." [ECF No. 5].

Absent a temporary restraining order, pursuant to the Notices, Plaintiffs Agreements with DentaQuest will be terminated on either March 31, 2025 or April 1, 2025, [ECF No. 6 at 3], and

Plaintiffs' practices "will be immediately closed," [ECF No. 6 at 4], as a result, potentially resulting in irreparable harm. *See AIM Int'l Trading LLC v. Valcucine SpA.*, 188 F. Supp. 2d 384, 388 (S.D.N.Y. 2002); *see also Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co. of New York*, 749 F.2d 124, 126 (2d Cir. 1984).

The briefing and hearing schedule proposed by Plaintiffs is both unreasonable and impossible for the Court to endorse. Plaintiff is asking this Court to make a determination less than 24 hours after receiving the briefing from the parties. Additionally, it is highly prejudicial to Defendant who would need to respond to Plaintiffs' "emergency" motion in an extremely abbreviated time, again less than 24 hours, all while leaving Plaintiffs the opportunity to submit a reply. The Court notes that this oppressive schedule is especially unfair since it is apparent from Plaintiffs' own submissions that the situation with respect to which they now seek urgent and drastic relief from this Court has seemingly been ongoing for quite some time. *See* Pls. Mem. at 2 ("In July 2024—more than two years before the 2022 Amendments expired—DentaQuest told the HF Practices that it wanted to completely convert . . ."); *see also* Pls. Mem. at 3 ("In January 2025, DentaQuest provided each Practice with either a Notice of Non-Renewal or Notice of Termination [] with effective dates of March 31 or April 1, 2025."). Plaintiffs being on notice of termination since at least January 2025 when they received these Notices only now ask this Court for drastic relief on an oppressively expedited basis. Plaintiff is on notice that this delay heavily weighs against the relief it seeks. *See Citibank, N.A., v. Citytrust*, 756 F.2d 273, 277 (2d Cir. 1985) (quoting *Le Sportsac, Inc. v. Dockside Research, Inc.*, 478 F. Supp. 602 (S.D.N.Y. 1979) (plaintiff's delay "undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury").

However, "[t]he purpose of a temporary restraining order is to preserve an existing situation *in statu[s] quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir. 1962)). Thus, in order to preserve the *status quo*, IT IS HEREBY ORDERED that Defendant must temporarily stay enforcing or relying upon any of the Notices that Defendant issued to Plaintiffs regarding the Agreements, including the 2022 Amendments, and shall temporarily stay terminating or non-renewing the Agreements between Plaintiffs and Defendant.

IT IS FURTHER ORDERED that Plaintiffs must (1) immediately serve a copy of their motion, and supporting papers, and this Order on either Defendant or its counsel and (2) file proof of such service on ECF by 5:30 p.m. today on March 26, 2025. *See* Fed. R. Civ. P. 65(b); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (*ex parte* temporary restraining orders are restricted to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). The Court will vacate this Order if Plaintiffs fail to properly serve their Application, supporting materials, and this Order on Defendant.

IT IS FURTHER ORDERED that the Court will hold a hearing on Plaintiff's Application on April 8, 2025 at 10:00 a.m. in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. Defendant shall file its response to Plaintiffs' Application by noon on April 3, 2025. Given the urgency that Plaintiffs have attached to this briefing schedule, the Court will not entertain a reply.

**Failure to comply with this Court's Orders, Individual Rules of Practice, Local Rules for the SDNY, or the FRCP may result in sanctions, including monetary penalties, denial of**

the relief sought, preclusion of information not provided, or preclusion and/or dismissal of claims or defenses.

**SO ORDERED.**

Date:  March 26, 2025
       New York, NY

                                          */s/ Mary Kay Vyskocil*
                                    **MARY KAY VYSKOCIL**
                                    **United States District Judge**